336

## 25837. MITCHELL v. THE STATE.

BROYLES, C. J.   1. Under repeated rulings of the Supreme Court and this court, a special ground of a motion for new trial must be complete and understandable within itself; and the reviewing court will not refer to the brief of evidence or to other parts of the record in order to understand whether the alleged error complained of was prejudicial to the movant.   In the instant case the defendant was tried for simple larceny (hog stealing) and convicted of that offense.   The first special ground of the motion for new trial complains that the court instructed counsel for the defendant (who had introduced no evidence) "that if he took the concluding argument he should not therein exhibit to the jury the gun which was not introduced in evidence."   The ground states that the gun had been referred to by the defendant in his statement to the jury as his gun, and that "the attorney for the defendant took the concluding argument and refrained therein, under the ruling of the court, from exhibiting said gun to the jury."   The ground fails to show what connection the gun had with the offense charged, or how the refusal of the court to allow counsel to exhibit the gun to the jury was prejudicial to the accused.   Furthermore, counsel for the defendant (as shown by the ground) acquiesced in the ruling, took the concluding argument and the chances of an acquittal for his client, and will not be heard, after the verdict, to complain of the ruling.

2. Two grounds complain of alleged improper arguments made by the solicitor-general.   The grounds do not show that the arguments were objected to at the time, or before the verdict was returned, or that they were called to the attention of the court.   These grounds present no question for the consideration of this court.

3. The ground complaining of the court's refusal to give to the jury a certain requested charge, raises no question for consideration, since it is not stated in the ground that the request was presented to the judge before the jury had retired to consider their verdict.

4. The remaining ground of the motion is without merit.

5. The evidence, while conflicting, authorized the verdict; and the refusal to grant a new trial was not error.

*Judgment affirmed.   MacIntyre and Guerry, JJ., concur.*

DECIDED OCTOBER 14, 1936.

*Jule W. Felton,* for plaintiff in error.
*Hollis Fort, solicitor-general,* contra.